**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO.** |
| | : | |
| **v.** | : | **<u>UNDER SEAL</u>** |
| | : | |
| **GERALD EDDIE BROWN, JR.,**<br>**also known as "Runner,"** | :<br>: | |
| | : | |
| **Defendant.** | : | |

**<u>GOVERNMENT'S MOTION TO SEAL COMPLAINT AND RELATED DOCUMENTS</u>**

The United States of America, by and through its undersigned counsel, respectfully moves the Court for an Order placing the above-captioned warrant, complaint, and the application and affidavit in support thereof, and all attachments thereto and other related materials (collectively herein the "Arrest Warrant") under seal. In support of this motion, the government states:

1. The Court has the inherent power to seal court filings when appropriate, including the Arrest Warrant. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the Arrest Warrant to prevent serious jeopardy to an ongoing criminal investigation when, as in the present case, such jeopardy creates a compelling governmental interest in preserving the confidentiality of the Arrest Warrant. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).

2. On February 23, 2026, the government applied for an Arrest Warrant in this matter. The Arrest Warrant details the facts supporting probable cause to believe that Gerald Eddie Brown, Jr. ("BROWN"), violated 18 U.S.C. § 371 (Conspiracy) and 22 U.S.C. § 2778 (Arms Export Control Act).

3. The government will continue its investigation after execution of the Arrest Warrant, and disclosure of the Arrest Warrant would jeopardize plans to secure the defendant's arrest because such disclosure could result in alerting the defendant to his criminal liability in the United States and cause the defendant to flee or destroy evidence. Further, public disclosure of this Arrest Warrant could prematurely alert the defendant's coconspirators of their potential liability in the United States, and likewise cause them to flee or destroy evidence. The need to apprehend the defendant constitutes a legitimate prosecutorial reason, and thus an appropriate basis, for an Order sealing the Arrest Warrant.

4. Accordingly, the United States submits that under *Washington v. Robinson*, 935 F.2d 282, 289 N.10 (D.C. Cir. 1991), these facts present an extraordinary situation and a compelling governmental interest which justify the sealing of the Arrest Warrant, this Motion, and any Order to Seal, until such time as the defendant is arrested.

5. In addition, the government respectfully moves for the Arrest Warrant to remain sealed -- with the exception that the Government be permitted to disclose the Arrest Warrant to (1) appropriate U.S. and foreign law enforcement officials and other officials and personnel to the extent that such disclosure is in furtherance of national security or efforts to locate, arrest, detain, transfer, extradite, or expel the defendant, and (2) the court, court officials, and defense counsel in this district or any other appropriate district as necessary to conduct any court proceedings in that district.

6. We further request that the Court's order permit unsealing of the Arrest Warrant, and any supporting documents and docket entries, by any United States District Judge or any United States Magistrate Judge, in any district, upon oral motion or other action of the United States.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court issue an Order sealing the Arrest Warrant as well as sealing this Motion and the Court's sealing Order until further order of this Court or upon the arrest of the Defendant, except as necessary to facilitate the enforcement of criminal law, including the execution of the Arrest Warrant, or to any federal official to assist the official receiving the information in the performance of that official's duties. A proposed Order is submitted herewith.

JOHN A. EISENBERG
ASSISTANT ATTORNEY GENERAL

Date: February 23, 2026

*/s/ Beau D. Barnes*____________

Beau D. Barnes
Trial Attorney
Sean Heiden
Acting Deputy Chief
D.C. Bar No. 1024150 (Barnes)
D.C. Bar No. 1617636 (Heiden)
Counterintelligence & Export Control Section
National Security Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Phone: (202) 305-4679 (Barnes)
Phone: (202) 514-8106 (Heiden)
Beaudre.Barnes@usdoj.gov
Sean.Heiden2@usdoj.gov