**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **CASE NO. 26-cr-67 (CRC)** |
| | **:** | |
| **GERALD EDDIE BROWN, JR.,** | **:** | |
| **also known as "Runner,"** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
## TO MODIFY CONDITIONS OF RELEASE

The Government respectfully submits this opposition to Defendant's Motion to Modify the Conditions of Release. Defendant's motion highlights that since he was released on March 25, 2026, to home confinement in the custody of his sister at her home in Minneapolis, Minnesota, conditions have become "quite difficult given the number of items and the crowding in the home" because Defendant's sister's home is "extremely small and crowded with items she has collected over the years and sells as a side business." This information is not new, nor material to a determination by the Court as to the appropriate release conditions for Defendant, nor sufficient to establish that the court-approved release conditions are inappropriate. Accordingly, Defendant has not established that the Court should reopen his detention hearing. Moreover, even if the Court were to accept on this record that Defendant has established that the current third-party custodian arrangement is inadequate, Defendant's motion falls far short of establishing that home detention in a different location by himself without a third-party custodian would reasonably secure his appearance in Court given his serious risk of flight. The Court should deny the motion without a hearing.

1

## PROCEDURAL HISTORY

Brown was charged by criminal complaint on February 24, 2026, with violating and conspiring to violate the Arms Export Control Act, in violation of 18 U.S.C. § 371 and 22 U.S.C. § 2778. *See* Dkt. 1. The defendant was arrested the next day on February 25, 2026, in Jeffersonville, Indiana. *See generally United States v. Brown*, 26-mj-0007-VTW (S.D. Ind.). Brown had his initial appearance the next day, February 26, 2026, before Magistrate Judge Willis in the Southern District of Indiana, New Albany Division. At that hearing, the Government moved to detain the Defendant under 18 U.S.C. §§ 3142(f)(1) and (f)(2) as a danger to the community and a risk of flight, after which the court ordered the defendant detained temporarily pending a hearing. Defendant chose to have a detention hearing in this District upon his arrival.

The Defendant was transported to the District of Columbia and had his initial appearance before Magistrate Judge Faruqui on March 17, 2026. Minute Entry (Mar. 17, 2026). At that hearing, the Government proffered that the Defendant posed a serious risk of flight and a serious risk of attempting to obstruct justice. The Court found that the Government had met its initial burden under 18 U.S.C. 3142(f) and set a detention hearing for March 19, 2026, which was continued to March 23, 2026.

At the detention hearing before Magistrate Judge Faruqui on March 23, the court heard evidence by proffer from the Government and defense consistent with the parties' written submissions. *See* Minute Entry (Mar. 23, 2026). In addition, the Defendant's proposed third-party custodian, his older sister, appeared remotely and answered questions from the Court and the Government. Magistrate Judge Faruqui's detailed questions to the proposed custodian focused on the circumstances of her residence in Minneapolis (including her computer and internet connection, and the absence of security cameras), her employment, and her understanding of the

responsibilities she would assume if the Court were to appoint her as Defendant's custodian while he was under home detention at her residence.

At the conclusion of the hearing, over the Government's objection, Magistrate Judge Faruqui found that certain conditions could reasonably assure Defendant's appearance at court proceedings. But recognizing the seriousness of the risk of flight posed by Defendant, Magistrate Judge Faruqui imposed stringent conditions on Defendant's release, including (i) ordering Defendant to stay on 24/7 home detention at the residence of his sister in Minneapolis and requiring Defendant's sister to (ii) install security cameras at her residence, (iii) ensure her computer is password protected, (iv) not allow Defendant to access the internet outside the presence of his legal team, and (v) send defense counsel a weekly report on Defendant's compliance with his release conditions. *See* Dkt. 13. The order also prohibited Defendant from boarding an airplane and required him to drive to and from any court appearances. *Id.* In response to a question for clarification during that hearing, Magistrate Judge Faruqui confirmed that Defendant was not allowed to leave his sister's home for any reason without authorization.[1] The court stayed the release order pending the filing of the Government's motion for review of the order. *See* Dkt. 12.

On March 24, 2026, the Government moved for review of that order and requested that Chief Judge Boasberg overrule Magistrate Judge Faruqui's denial of the Government's motion for pretrial detention. *See* Dkt. 14. If the Court were to deny that motion, the Government requested that the Court impose a bond requirement on Defendant. Chief Judge Boasberg held a hearing on the Government's motion on March 25, 2026, at the conclusion of which he denied the Government's motion but required that Defendant agree to an appearance bond of $200,000

---

[1] This is based on the recollection of undersigned Government counsel. The Government has not received the transcript of the March 23 detention hearing.

secured by his Indiana apartment. *See* Minute Entry (Mar. 25, 2026).[2] After Defendant was able

to finalize the appearance bond, this Court entered a new order setting his final release conditions

on April 23, 2026. *See* Dkt. 20 & 20-1.

On July 16, 2026, Defendant filed this motion to modify his release conditions, after which

the Court ordered the Government to respond by July 23, 2026. *See* Minute Entry (July 17, 2026).

## ARGUMENT

### A. Legal Standard

A court has the authority to modify pretrial release conditions to "impose additional or

different conditions of release." 18 U.S.C. § 3142(c)(3). But under 18 U.S.C. § 3142(f), a court

may only reopen a detention hearing after it made a determination as to a defendant's detention or

release conditions:

> if the judicial officer finds that information exists that was not known to the movant
> at the time of the hearing and that has a material bearing on the issue whether there
> are conditions of release that will reasonably assure the appearance of such person
> as required and the safety of any other person and the community.

In other words, "[a] court may only reopen a detention hearing when information is located that

was unavailable at the time of the initial hearing." *United States v. Gage*, No. 18-cr-112-03 (RMC),

2019 WL 3459075, at *2 (D.D.C. July 31, 2019). That information must be more than a different

evaluation of prior facts, "it must consist of truly changed circumstances, something unexpected,

or a significant event." *United States v. Lee*, 451 F. Supp. 3d 1, 5 (D.D.C. 2020) (citation omitted).

And the information "must relate in some significant or essential way" to the court's determination

of whether any combination of conditions can reasonably assure the appearance of the person in

---

[2] On March 26, 2026, the grand jury returned an Indictment charging Defendant with the same
counts in the Complaint.

court. *United States v. Worrell*, No. 1:21-CR-00292-RCL, 2021 WL 2366934, at *9 (D.D.C. June 9, 2021), *appeal dismissed*, No. 21-3040, 2021 WL 4765445 (D.C. Cir. Sept. 15, 2021).

B. **Defendant Does Not Set Forth Any Information Not Known to Him or the Court at the Time of His Prior Detention Hearings**

The fact that Defendant would experience a lifestyle that was "quite difficult" while under 24/7 home confinement in the custody of a third-party custodian is not new information. It is self-evident (and not new information) that having to live inside a small residence 24/7 without the ability to leave for any reason would be difficult for any person so confined, as well as for the person entrusted with serving as a third-party custodian in that small residence. *See, e.g.*, *United States v. Ross*, No. 23-cr-128-TAV-JEM, 2024 WL 1890087, at * (E.D. Tenn. Apr. 30, 2024) (finding that "the 'toll' or 'inconvenience' a case has on a defendant is an insufficient circumstance under § 3142(f)(2)" to reopen a detention hearing); *United States v. Gay*, No. 20-cr-40026-JES-JEH, 2020 WL 5983880, at *3 (C.D. Ill. Oct. 7, 2020) (finding that "inconveniences which [] conditions present to someone on pretrial release" do not constitute "new, material information sufficient to reopen a detention hearing to consider modifying conditions of pretrial release"). In particular, the fact that Defendant's sister's "residence is extremely small and crowded with items she has collected over the years" was information that was certainly available to Defendant while the parties were litigating Defendant's pretrial detention. And not only was it available, but the residence had to be approved by Pretrial Services in Minneapolis. In other words, Pretrial Services approved this "extremely small" residence as an adequate location for Defendant to be detained under the supervision of a third-party custodian, despite its size.[3] Defendant's motion to modify

---

[3] Other than a passing reference to the fact that the defense counsel "has heard from . . . the local supervising probation officer that conditions are quite difficult," Defendant's motion does not note whether Pretrial Services in Minnesota has determined that Defendant's sister's residence is inadequate, or what measures might be taken to alleviate any conditions at the residence.

his release conditions is not based on any new information, but simply an attempt to relitigate issues already determined by three different judicial officers, including this Court. The Court should deny the motion on that basis alone without a hearing.

C. **The Information in Defendant's Motion Does Not Have a Material Bearing On The Adequacy of His Release Conditions Or His Risk Of Flight**

Even if the Court were to determine that Defendant's motion offers new information that was not previously known to or considered by the Court, the information does not affect the careful conclusions drawn by Magistrate Judge Faruqui and Chief Judge Boasberg—and by the Court here as well—and the release conditions imposed in order to assure Defendant's appearance for court proceedings. Defendant argues that a third-party custodian is "wholly unnecessary at this time" and that his "compliance on release has demonstrated that he is not a flight risk." But Defendant offers no support for these conclusory arguments. Defendant simply notes that he has not yet violated his release conditions. But a defendant's compliance for a short period of time with a certain combination of release conditions falls far short of establishing that those release conditions were not necessary. Quite the opposite. Indeed, without more, the more appropriate logical conclusion to draw is that Defendant's current release conditions were material to his compliance with his release conditions. Abandoning the detailed release conditions carefully imposed by Magistrate Judge Faruqui, Chief Judge Boasberg, and this Court simply because they worked would be like throwing away an umbrella in a rainstorm simply because one did not get wet.

Here, Defendant continues to pose a serious risk of flight because of the serious charges he faces and the strong evidence in support of those charges (including Defendant's own statements), as well as his personal history and characteristics—including his lack of any meaningful connection to the United States, his ability to flee, his connections to the government of the People's Republic of China, and his strong ties to individuals across Asia. The Court imposed

stringent release conditions on Defendant because it determined on an extensive record that he posed a serious risk of flight and none of the information offered by Defendant changes that analysis.

Courts have generally found that compliance with conditions and hardships experienced pending trial are not sufficient to reopen a detention hearing. In *United States v. Padilla*, for example, the court rejected the detained defendant's effort to "relitigate[] issues already raised at the previous detention hearing and decided by the Court" and noted that the only new circumstances the defendant raised were "the hardship experienced by his family" and "his lack of disciplinary infractions while in pretrial custody." No. 21-cr-214 (JDB), 2023 WL 1964214, at *8 (D.D.C. Feb. 13, 2023). The court in *Padilla* emphasized that while those considerations were relevant to the defendant's personal history and characteristics, they did not "relate in some *significant* or *essential* way to the decision" as to defendant's detention. *Id.* Indeed, the court noted that defendant's arguments would be "true for every defendant who exhibits good behavior in custody," but that it could not "grant every such defendant pretrial release from custody." *Id*. n.4. While Defendant in this case is not detained, the logic of *Padilla* applies squarely to Defendant's motion. Like in *Padilla*, Defendant emphasizes that he is experiencing hardship and that he has not yet violated his release conditions. But like in *Padilla*, Defendant is simply attempting to relitigate the Court's prior determination as to his release conditions without offering any new information beyond that which is widely applicable to nearly all defendants released to home confinement with a third-party custodian pending trial. Like in *Padilla*, the Court should also reject Defendant's argument here.

Courts around the country have also regularly held that "a defendant's compliance with conditions of pretrial release is not new, material information sufficient to reopen a detention

hearing or allow a court to proceed to the merits of a petition to modify conditions of pretrial release." *United States v. Chambers*, No. 23-cr-20009-DDC, 2023 WL 8254523, at *2 (D. Kan. Nov. 29, 2023) (quoting *United States v. Gay*, No. 20-cr-40026-JES-JEH, 2020 WL 5983880, at *3 (C.D. Ill. Oct. 7, 2020)); *see also, e.g., United States v. Faria*, No. 24-cr-84 (GMM), 2024 WL 4706765, at *5 (D.P.R. Nov. 7, 2024) (same); *United States v. Ebonka*, 733 F. Supp. 3d 967, 969 (D. Nev. 2024) (same); *United States v. Johnson*, No. 21-cr-00707-WJM, 2022 WL 375319, at *2 (D.N.J. Feb. 8, 2022) (same); *United States v. Kube*, No. 19-cr-257-SKO, 2020 WL 1984178, at *5 (E.D. Cal. Apr. 27, 2020) (same); *United States v. Esposito*, 354 F. Supp. 3d 354, 360-61 (S.D.N.Y. 2019) (same).

Finally, even if the Court were inclined to credit Defendant's arguments, the Motion falls far short of providing the necessary information to allow the Court to evaluate his proposal. Based on his claim that his current third-party custodian arrangement is "quite difficult," Defendant proposes that his release conditions be modified to allow "his relocation to his residence in the state of Indiana, where he would be placed on home incarceration and GPS monitoring," and allow him to periodically leave his residence and have supervised access to the internet.

There is no information as to the condition of his residence in Indiana or whether Pretrial Services has evaluated it for home detention. There is no proposal as to who would supervise his access to the internet or who would drive with Defendant to and from court appearances. In light of the requirement to install security cameras at his sister's home and provide weekly reports to defense counsel on Defendant's compliance, there is no proposal for how Defendant would be monitored at his residence. Indeed, the fact that Defendant now argues to the Court that his current third-party custodian arrangement is inadequate based on factors that were abundantly clear at the time of his release should, at minimum, counsel for significant caution in assessing any of

Defendant's future proposed release conditions. Accordingly, even if the Court determines on this record that it should consider modifying Defendant's release conditions, it should require far more information from Defendant before holding a hearing on the matter.

## **CONCLUSION**

Accordingly, the Government requests that the Court deny Defendant's motion.

Respectfully submitted,

Dated: July 23, 2026

JOHN A. EISENBERG
ASSISTANT ATTORNEY GENERAL

By:     */s/ Beau Barnes* _____
Beau D. Barnes
Trial Attorney
D.C. Bar No. 1024150
Counterintelligence & Export Control Section
National Security Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Phone: (202) 305-4679
Beaudre.Barnes@usdoj.gov

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

Steven B. Wasserman
Assistant United States Attorney
D.C. Bar No. 453251
National Security Section
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-7719
Steven.Wasserman@usdoj.gov